UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

ANTHONY MANGANO, )
        Plaintiff, )
)
v. )  CIVIL ACTION NO. 04-11117RWZ
)
MICHAEL BELLOTTI, SUSAN CLARK, )
PETER PERRONCELLO, JORGE VELIZ, )
ANNE WALSH, DEBBIE WILLIS, )
Dr. PICKET, ALICE WEBER, DEBRA )
HENDERSON, PATRICIA HAYES, )
DENISE BURKE, )
        Defendants, )
)

---

## DEFENDANTS, MICHAEL BELLOTTI, SUSAN CLARK, PETER PERRONCELLO, ANNE WALSH, DEBBIE WILLIS, ALICE WEBER, DENISE BURKE, DEBRA HENDERSON AND PATRICIA HAYES' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I.  INTRODUCTION

This is a civil action in which the *pro-se* plaintiff alleges that the named defendants violated his civil rights pursuant to 42 U.S.C. § 1983. The plaintiff appears to be alleging that he was denied proper medical attention which is actionable under the 8th Amendment. The defendants now move to dismiss the *pro-se* plaintiff's complaint as it is time barred.

### II.  STATEMENT OF UNDISPUTED FACTS[1]

The plaintiff alleges that from on or about September 18, 1999 through

---

[1] These facts are undisputed for the purposes of this motion dismiss. The defendants specifically deny violating the plaintiff's civil rights by the denial of medical attention.

-1-

November 1999, the defendants withheld his medications while he was in custody at the Norfolk County House of Correction. See plaintiff's complaint generally.

### III. **STANDARD OF REVIEW**

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Conley v. Gibson, 335 U.S. 41, 45-46 (1957); O'Brien v. DiGrazia, 544 F.2d 543, 546 (1st Cir. 1976); Coyne v. City of Somerville, 972 F.2d 440, 443, (1st. Cir 1992). Wright & Miller, 5A Federal Practice and Procedure: Civil 2d § 1357. The Court's inquiry is a limited one, focusing not on whether the plaintiff will ultimately prevail but, on whether the plaintiff has stated a claim and should be entitled to offer evidence to support the claim. Scheuer at 236.

In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. This indulgence, however, does not require the Court to credit bold assertions, unsubstantiated conclusions or outright vituperation. Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 51-53 ( 1st Cir. 1990); Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1992) (emphasis added). The plaintiff must back up his allegations with enough facts to support and detailing what actions are complained of. See e.g. McGillicuddy v. Clements, 746 F.2d 76, 77-78 (1st Cir. 1984); Shick v. Farmers Home Administration, 748 F.2d 35, 42 (1st Cir. 1984). A defendant is entitled to judgment if a plaintiff can prove no set of facts that would entitle him or her to relief. Santiago at 130.

## III. ARGUMENT

### A. The *Pro-se* Plaintiff's Complaint is Barred by the Applicable Statute of Limitations

The Supreme Court directs federal courts adjudicating civil rights claims under 42 U.S.C. § 1983[2] to borrow the statute of limitations applicable to personal injury actions under the law of the forum state. Street v. Vose, 936 F.2d 38 (1st Cir. 1991) citing Wilson v. Garcia, 471 U.S. 261 (1985). In Massachusetts personal injury actions are governed by M.G.L. c. 260 § 2A which provides in relevant part:

> Except as otherwise provided, actions in tort,....to recover for personal injuries.....shall be commenced within three (3) years next after the cause of action accrues.   M.G.L. c. 260 § 2A

Accordingly, the *pro-se* plaintiff's claims here, would have had to been filed by at least November 2002.   Since the *pro-se* plaintiff has waited almost **5 years (May 2004)** to file his claim for alleged civil rights violations, his claims are time barred. See Street v. Vose, 936 F.2d 38 (1st Cir. 1991); Kadar v. Milbury, 549 F.2d 230, 234-235 (1st Cir. 1977).

## IV. CONCLUSION

For all the reasons stated above, the defendants, Michael Bellotti, Peter Perroncello, Susan Clark, Denise Burke, Anne Walsh, Debbie Willis, Alice Weber, Debra Henderson and Patricia Hayes move the Court to dismiss all claims against them.

---

[2] Likewise under the State Civil Rights Act, M.G.L. c. 12 §§ 11H and I, the *pro-se* plaintiff's claims would be time barred. See M.G.L. c. 260 § 5B (actions arising on account of violations of civil rights....shall be commenced within 3 years next after the cause of action accrues); Pagliuca v. City of Boston, 33 Mass. App.Ct 820, 822 (1994).

                                                      The defendants, Michael Bellotti, Peter Perroncello, Susan Clark, Denise Burke, Anne Walsh, Debbie Willis, Alice Weber, Debra Henderson and Patricia Hayes
By their attorneys,

Date: 9-17-04

_____
Douglas I. Louison BBO#545191
James W. Simpson, Jr. BBO#634344
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305