Anthony Mangano #W83474
P.O. Box 9106
Concord, MA 01742

The Honorable Justice RYA W. ZOBEL
U.S. District Court Boston, Mass
Re: Anthony Mangano, Plaintiff
  V
  Sheriff Bellotti et al, Defendant
Docket No. 04-11117 RWZ

FILED
IN CLERKS OFFICE
2005 FEB -3 P 2:13
U.S. DISTRICT COURT
DISTRICT OF MASS.

1/28/2005

Dear Your Honor,

I have attempted to resolve the following matter by the casual administrative channels, ie several letters to the clerk*, one such attached, to no avail. I am and have been incarcerated at M.C.I. Concord since this past November and since that time I have submitted two written requests, via U.S. Mail, addressed to the Clerks Office requesting that the entire case file, inclusive of all of the Defendents responses be fawarded to me at the address listed above.

To date I haven't received any reply. I desperately need the material if I am expected to continue with the litigation. However, I am scheduled for another move to yet another institution within the state of Massachusetts that could happen any day now.

I am at a loss as of what to do. I suppose that it would be worth a try to forward the necessary documents to me at my current address and in the event that I do get transfered without hearing from the court I will notify the court upon reaching my new destination.

I regret any lack of discretion of your court room protocol that I may of breached by seeking your assistance and any assistance that you may provide would be greatly appreciated. Thank you.

Respectfully,
Anthony Mangano
PO Box 9106
Concord, MA 01742

(Attachments letters & motion)
*Actually there are two letters attached 1 from Concord the other from San Diego CA. with a motion.

Anthony Mangano # W83474
M.C.I. P.O. Box 9106
Concord, MA 01742

To: Tony Anastas
Clerk of the Courts
Re: Anthony Mangano v
Sheriff Bellotti, et al. Case
No: 04-11117-RWZ- Change of
Address Notification and request
for defendants response to plaintiff's
action.

12/12/04

Dear Sir/Madam:

Please note that the plaintiff's new address and new prisoners I.D. Number are as listed above. Please foward me a copy, to that address, of the entire case file inclusive of the docket sheet, defendants response to the complaint and the attorneys name and addresses for all defendants.

Thank You.

Happy Holidays:

Respectfully,
[signature]
Anthony Mangano W83474
M.C.I. P.O. Box 9106
Concord, MA 01742

Anthony Manguno #28741-198
M.C.C.
808 Union St
San Diego CA 92101

To: The Clerk of the Court
From: Anthony Manguno, Plaintiff, Pro Se
Date: 9/24/04
Re: Anthony Manguno   Docket # 11117-04 RWZ
        v
    Sheriff Bellotti et al

Dear Sir:
  I am writing you to address several issues:

1. Change of address notification. On 8-30-2004 I began a long journey from Grafton N.J. to San Diego CA with the B.O.P. as my tour guide. I was prevented from carrying - or even from mailing to my destination - any and/or all of my legal material. (My new address is listed above.)

2. In anticipation of what I thought would be a transfer, to Concord Mass, to state custody, I had filed a motion requesting a stay for 60 days on all proceedings relative to the above captioned case as well as authorization to impound crucial documented evidence with the court.

  I would now like to know the disposition of that motion. I am still not in possession of my legal material, despite all of my attempts to retrieve them, and it is beginning to appear as though it

It may take a court order to convince staff members at F.C.I. Fairton how urgently I need my legal work, and have them forward it to me. (Any assistance that you may provide on this matter would be greatly appreciated.)

The underlying problem with respect to my traveling with & now receiving my legal work is that even though my release from federal custody date was 8-30-04 it was on that date that I was technically written out from F.C.I. Fairton to the District of Southern California, Metropolitan Correctional Center, which was completely unexpected. And since it was technically a writ all my property, including my legal material was placed in storage at F.C.I. Fairton.

Lastly, on the subject of obtaining counsel I am fervently seeking to obtain Pro Bono or Contingent Counsel. Clearly if I had had counsel appointed initially my current woes would be non-existent. I have some prospects but all want to view my complaint and supporting evidence neither of which I have. My question is if I am unable to obtain counsel before my - hopefully granted - 60 day stay elapses how do I proceed to have my original motion for counsel reheard.

If it is not within your discretion to facilitate the forwarding of my legal work to M.C.C. San Diego, please inform me as such.

Thank you.

Respectfully,

Anthony Mangano

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Anthony Mariano
v.
Sheriff Michael Bellotti, et al.

CASE NUMBER: 04-11117-RWZ

Ex Parte motion for impoundment of confidential medical records and pertinent documented evidence, and suspension of all proceeding for up to 60 days

Now comes the Plaintiff, Pro Se, Ex Parte in the above captioned case to move this honorable court to allow for Plaintiff to impound all documents, which shall be deemed confidential, pertinent to this civil suit with the court.

THE Plaintiff further moves this court to order all proceedings that relate to this action and all of Plaintiff's time constraints that apply to the rules of procedure, including those applicable in rule 4(M), be suspended for 60 days post 8-30-2004.

(1)

## Reasons for impoundment of documents

1. Plaintiff's federal sentence expires on [1] 8-30-2004 at which time he will be [2] extradited to Massachusetts to complete a term of imprisonment that, although ran concurrent with, overlaps his federal sentence.

2. This extradition will be executed by the Department of Correction (hereinafter D.O.C.) in one of two fashions: The first being the D.O.C. will transport the plaintiff via automobile or secondly the D.O.C. contracts it out to [3] TransCor, a nationwide company that provides secured transportation for law enforcement. The former being possible and the latter most probable.

3. In either event plaintiff will be strip searched and be prohibited from carrying any personal property including legal material.

4. Plaintiff is in possession of a sizeable amount of crucial documents that are required for this civil suit. Inclusive of; confidential medical files; interpersonal memos from - and between - defendants; Norfolk County Superior Court orders and records of proceedings for actions brought by both plaintiff and defendants; and many other important pertinent documents.

---

[1] See Exhibit A
[2] See Exhibit B
[3] See Exhibit C

(2)

5. Plaintiff is Homeless, Lawyerless and except for a few remaining relatives whom reside in Israel, lacks a haven in which to store these crucial documents for the duration of his extradition which may take up to 60 days.

6. Plaintiff is Indigent and will therefor request, in the event that this Honorable court grants Plaintiffs motion, that it allows for all documents to be sent to the court via registered insured - for no more than 100,000 - mail with return receipt. Monies for this transaction may be Available at the federal facility where Plaintiff is presently incarcerated and will only be provided by court order.

<u>Reasons for suspension of all Procedures Pursuant to the Federal Rules of Civil procedure for 60 days post 8-30-2004 or until October 29, 2004</u>

1A. Plaintiff has good cause to believe and all indications from the D.O.C. and Transcor are that Transcor will in fact carry out Plaintiffs extradition to Massachusetts.

2A. Transcor provides extradition and prisoner transportation services for many states and a multitude of counties and therefor it is not uncommon, due to

(3)

circuitious routes to meet demand, for a Transcor extradition from Southern New Jersey to Concord Massachusetts to take up to **60** days.

3A  If it is within the courts discretion and/or authority to recommend or order that the D.O.C. opt to facilitate a direct route extradition with allowable possession of legal material. Surely such action would serve as a panacea, for all intended purposes of Plaintiffs motion. This shall be referred to as the alternitive remedy.

    For all of the aforementioned reasons it is Plaintiff respectfull request that this Honorable court grant Plaintiffs motion to allow for the impoundment of confidential medical files and all Pertinent Documents, with allowance of funds for registered Insured mail and Suspend all proceedings until extradition is completed and Plaintiffs regains custody of said documents or until October 29, 2004. or In the alternitive the court grant Plaintiffs request for alternitive remedy which is outlined in Item 3A of Plaintiffs motion.

Respectfully Submitted,

*[signature]*

Anthony Mangano #28741-198
Plaintiff, Pro Se,
P.O. Box 420
Fairton, N.J. 08320

See Attachments
Exhibits A, B, & C

(4)

```
    FAIUN   540*23  *            SENTENCE MONITORING              *       08-09-2004
 PAGE 004            *             COMPUTATION DATA                *       14:56:28
                                    AS OF 08-09-2004

REGNO..: 28741-198 NAME: MANGANO, ANTHONY JOSEPH


TOTAL PRIOR CREDIT TIME..........: 26
TOTAL INOPERATIVE TIME...........: 0
TOTAL GCT EARNED AND PROJECTED..: 494
TOTAL GCT EARNED.................: 486
STATUTORY RELEASE DATE PROJECTED: 08-30-2004
SIX MONTH /10% DATE..............: N/A
EXPIRATION FULL TERM DATE.......: 01-06-2006


PROJECTED SATISFACTION DATE.....: 08-30-2004
PROJECTED SATISFACTION METHOD...: GCT REL




G0002         MORE PAGES TO FOLLOW . . .
```



Office Locations

Media Kit request/contact

Sales & Customer Service Directors

Download Order Form

[ **Office Locations**]

TransCor is headquartered in Nashville, Tenn., and operates additional regional offices in Tayl Rockledge, Fla., and Banning, Calif. A TransCor office in West Palm Beach, Fla. is comprised o supervisor and agents assigned to the company's local transportation service contract with th Beach County Sheriff's Office. The company employs more than 260 transportation profession the country.

**HEADQUARTERS:**

*Nashville, Tennessee*
The company's headquarters is located in Nashville, Tennessee and houses an operati center responsible for all areas of operation from order taking to scheduling and trip management. The headquarters also houses a full vehicle maintenance shop where TransCor's vehicles are modified, maintained and serviced. A pool of 73 nationwide agents is scheduled and managed out of the Nashville headquarters.
**646 Melrose Ave., Nashville, TN 37211**
**Phone number: (800) 825-3320**
Regional Director: Harry Keifer

**REGIONAL OFFICES:**

*Banning, California*
The California office houses Tri-County Extraditions, TransCor's wholly owned subsidia Tri-County operates a comprehensive in-state transportation network throughout California, as well as acts as the west coast anchor for TransCor's nationwide network, performing transports north into Oregon, Idaho and Washington, and east into Nevada and Arizona. In addition to an office staff of 11, Tri-County has 45 full-time agents working out of the Banning office.
**900 E. John Street, Suite C, Banning, CA 92220**
**Phone number: (800) 228-4449**
Regional Director: Sharman Termer

*Rockledge, Florida*
TransCor's Florida office serves as the southeastern hub for the national transportatior system and is responsible for coordinating all Florida operations. The services include i state service for various county law enforcement agencies, department of corrections

juvenile agencies. Two full-time staff members work directly out of this office, coordinating the more then 24 agents who are based throughout Florida.

**571-Y Haverty Court, Rockledge, FL 32955**
**Phone number: (800) 951-0993**
Regional Director: Bob Simmons

*Taylor, Texas*

Being the largest state in the country, Texas is also one of the largest prisoner movem states. TransCor has been providing services in Texas for 10 years. In addition to an office/administrative staff of two, there are 27 agents who are based in Texas and are scheduled and managed out of this office.

**20875 Highway 79, Taylor, Texas 76574**
**Phone number: (888) 837-9078**
Regional Director: Bill Brees

*West Palm Beach, Florida*

The office in West Palm Beach is located in the Palm Beach County Jail. This office is provided for the Palm Beach County Sheriff's Office local transportation service. Trans contracts with the county to provide 24-hour wagon service, transportation from vario cities, and medical transports as needed. This program has a dedicated staff of eight f time TransCor employees.

**2669 Forest Hill Blvd., Suite #107, West Palm Beach, FL 33406**
**Phone number: (561) 641-5603**
Operations Manager: J.P. Moore

about transcor | careers | news | contact us | PECS login

TransCor America, LLC
646 Melrose Ave.
Nashville, TN 37211
Tel: (615) 251-7008
Nationwide (800) 737-9190
California (800) 228-4449
· Florida (800) 951-0993
Texas (888) 837-9078
· Fax: (615) 251-5395
E-Mail: transcorinfo@transcor.com

©Copyright 2004 TransCor America, L.L.C., All rights reserved

powered/created by icqlink.com



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*Massachusetts Correctional Institution*
*P.O. Box 9106*
*Concord, Massachusetts 01742-9106*
*(978) 405-6100*

**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Edward A. Flynn**
*Secretary*

**Michael T. Maloney**
*Commissioner*

**Kathleen M. Dennehy**
*Deputy Commissioner*

**Michael G. Grant Sr.**
*Superintendent*

## WAIVER OF EXTRADITION AND RELEASE

I, Anthony Mangano, hereby certify that I freely, voluntarily and irrevocably waive any and all rights I might have to contest extradition to Massachusetts and agree to return to Massachusetts without need of any formalities and agree to accompany any Agent designated by Massachusetts, if I am released or paroled from Federal custody prior to the expiration of Massachusetts sentence.

I, Anthony Mangano, also exonerate the Massachusetts Department of Correction and the Federal authorities, and any employee of either, from any blame, compulsion or interference in connections with my agreement to return to the Commonwealth of Massachusetts if I am released or paroled from Federal custody prior to the expiration of Massachusetts sentence.

Signed ___[signature]___    Date ___3/12/04___

Then appeared Anthony Mangano, before me acknowledge the above to be his free act and deed.

___[signature]___
Notary Public

Cc:    File

Attachment II

*Accredited by the Commission on Accreditation for Corrections*