# United States District Court
## District of Massachusetts

| | |
|---|---|
| Anthony Mangano,<br>    Plaintiff<br><br>V<br><br>Sheriff Michael Bellotti et al<br>    Defendants | Civil Action<br><br>No. 04-11117 RWZ |

## Plaintiff's Motion to Amend Complaint

Now comes the Plaintiff Anthony Mangano, Pro-se in the above entitled case and respectfully moves this Honorable court. Pursuant to and in accordance with rules 15(A) and 15(B) of the federal rules of civil procedure to amend his original 42 U.S.C. § 1983 complaint as following:

(1)

# IV. STATEMENT OF CLAIM AMENDMENT

5. According to a memo dated October 1, 1999 prepared by defendant Susan Clark, The Director Health Services and addressed to defendant Peter Perroncello, The Superintendent of the jail (hereinafter The S.C. memo 10/1/99) on September 20, 1999 defendant Dr. Veliz issued an order, via telephone, that stated: "Inmate Mangano may only have his psych meds if he agrees to eat something."

Under the same 9/20/99 entry reads: "Mango (sic) received the information regarding his medication. Albeit Sue Clark records in that same memo, which is a chronology from September 17, 1999 thru October 1, 1999, that Plaintiff had skipped two meals - on 9/19/99 - from September 17, 1999 to September 20, 1999, she also had recorded that on two seperate occasions Plaintiff denied being on hunger strike, on September 18, 99 and on September 19, 1999.

The medications that Dr. Veliz ordered withheld unless Plaintiff agrees to eat something were Doxepin 300 mg H.S. and Buspar 20 mg H.S. Plaintiff had been prescribed Doxepin for chronic depression which had been prescribed for him by over 8 doctors in just the past 4 years, one of which, Dr. Peter Cohen of Newton Mass testified in a Norfolk County Superior Court hearing which resulted in Judge Grabau ordering the Sheriff to readminister Plaintiff's Doxepin after determining that the Sheriff's discontinuance of Plaintiff's medication was not in compliance with sound medical practice and jeopardized the Plaintiff's mental health.

---

1 The court made a finding that the entire testimony of Dr. Veliz on behalf of the Sheriff was incredible

(2)

5) (CONTINUED) Dr. Veliz's order to withhold Plaintiff's medication on September 20, 1999 was in stark contrast to many of his previous orders when Plaintiff had declared unequivocally a no food or liquid hunger strike.

One such order recorded in Plaintiff's medical progress report on December 9, 1998, states: "Mr. Mangano may continue to get Doxepin and Buspar despite hunger strike." which was also given via telephone, and signed by Defendant R.N. Debbie Willis.

Such conflicting orders are not only arbitrary, capricious and not in accordance with sound medical procedure, specifically the orders or conditions set that Plaintiff may only have his medication if he agrees to eat something, without ascertaining if depression was cause of diminished appetite, they are grossly incompetent and make for inadequate medical care which constitutes a deliberate indifference in violation of Plaintiff's 8th Amendment rights. (Plaintiff's claim against Defendant Dr. Jorge Veliz)

6) According to a memo prepared by Defendant Susan Clark dated October 29, 1999 addressed to Defendant Peter Perroncello (hereinafter S.C. memo 10/29/99) Ms. Clark denotes that on October 7, 12, 13, 14, 18, 19, 20, and 21, 1999 Plaintiff did consume liquid and solid food products. On several dates Ms. Clark denoted that entire meals were consumed by Plaintiff.

Despite Plaintiff's food consumption and in defiance of Dr. Veliz's order Ms. Clark, who at the time was Director of Health Services, perhaps more than any other Defendant had demonstrated a deliberate indifference by her grossly incompetent act of withholding Plaintiff's desperately needed psychotropic medication, Doxepin, which constitutes unnecessary and wanton infliction of pain proscribed by and in violation of Plaintiff 8th Amendment rights. (Plaintiff's claim against Defendant Susan Clark)

(3)(A)

7) Plaintiff had initiated a consultation with Defendant Dr. Pickett on October 26, 1999. During that consultation Plaintiff had informed Dr. Pickett that even though his appetite has been diminished recently by depression, he has been consuming foods almost, if not, on a daily basis in an effort to receive his desperately needed depression medication, Doxepin.

Dr. Pickett's failure to compel other defendants, to whom she was superior, namely all defendants that are registered nurses, to administer Plaintiff's medication, especially in light of the information received from the consultation about depression and food consumption, and her failure to ensure that Plaintiff receive his medications per Doctors orders amounts to denying Plaintiff adequate mental health care and a deliberate indifference to Plaintiff's serious medical needs proscribed by the Eighth Amendment. (Plaintiff's claim against Defendant Dr. Patricia Pickett.)

8) According to a Norfolk County Sheriffs Office Confidential report authored by Defendant R.N. Denise Burke on October 30, 1999 and received by Captain Alfred Woods on that same date, Ms. Burke states: That Plaintiff had been cleared by Psyche and medically on 9/17/99. He has been drinking juices, had a 1/2 bagel, fish and pasta portions on 10/29/99.

(3)(B)

8) (CONTINUED) Plaintiff had also informed defendant Burke that he had been eating and that he was depressed and in need of his medication. Ms Burke had demonstrated a deliberate indifference by refusing to administer plaintiff his depression medication even when she clearly became aware that plaintiff was "eating" which was a violation of plaintiffs eighth amendment rights (Plaintiffs claim against defendant R.N. Denise Burke)

9) According to a Norfolk County Sheriffs office confidential intelligence report authored by Jason Hurley, on October 13, 1999, who was the correctional officer assigned the 3:00 pm - 11:00 pm security detail in the health services unit where plaintiff was being housed.

C.O. Hurley notified the medical staff on duty, Nurse Walsh (defendant Anne Walsh) that on the above date plaintiff consumed approx 2 cups of rice, 1 slice of wheat and 4 fruit juices at approx 4:30 p.m.

Despite defendant Walsh receiving first hand, eye witness account, knowledge of plaintiff consuming food by security personal she continued to defy doctor Veliz's orders and to withhold plaintiff psycotropic medication, Doxepin which was grossly incompetent and amounted to inadequate care by prison health personal which constituted a deliberate indifference to plaintiffs serious medical needs in violation of plaintiffs eighth amendment rights. (Plaintiffs claim against defendant R.N. Anne Walsh)

(4)

10) According to a Norfolk County Sheriffs Confidential Intelligence report authored by C.O. Jason Harley on October 12th, 1999 while assigned the 3:00pm - 11:00pm security detail in the Health Service Unit (H.S.U.) C.O. Harley notified medical staff that Plaintiff consumed 2 cups of rice, 1 slice of bread and 4 juices.

At that time defendants, Anne Walsh, Debbie Willis, and Debra Henderson, all R.N.'s were members of the medical staffs 3:00 - 11:00pm shift who were responsible for administering medications to inmates.

11) According to a Norfolk County Sheriffs Confidential Intelligence report written by C.O. Brian J. Quigley on October 15, 1999 Officer Quigley notified medical staff that Plaintiff had eaten approx 1½ cups of pasta on three separate occasions: on the evenings of October 5th, 6th and 11th of 1999.

Officer Quigley makes mention in his report of log book entries, which are kept by all security and medical personal 24 hours a day. Included in these entries are the eating habits for all 3 meals served daily for all inmates housed in the H.S.U., where Plaintiff was housed from September 17, 1999 to November 12, 1999 (all times relevant to this action).

(5)

11)(CONTINUED) According to Sue Clark's 10/29/99 memo (S.C. memo 10/29/99) which is a chronology from October 2, 1999 thru October 28, 1999 there are 17 seperate recorded entries of Plaintiff consuming food products between the dates of 10/2/99 and 10/21/99, and no mention on the entire memo of Plaintiff being or stating on a hungerstrike.

The Plaintiff's point here is that Ms. Clark did not witness Plaintiff consuming "eating" food products on all of those occasions. She most likely gleaned that information from the daily log book and or received that information from CO's Hurley and Quigley, (or from other security personal) just as Defendants Walsh and Burke and most likely all of the defendants did.

Some of those entries may have been the result of Plaintiffs own admissions, which he had made to all defendants who were in a position to or responsable for administering inmates medications, (i.e. RN's Burke, Willis, Clark, Hayes, Henderson, Walsh, Weber and Dr. Pickett) in an effort to receive his depression medication, Doxepin.

Based on all the facts outlined in paragraphs 10 and 11 there is no doubt that Defendants, Weber, Willis, Henderson, and Hayes were aware or should have been aware that Plaintiff was infact eating and therefor should have been receiving his depression medication, Doxepin.

(6)

11) (CONTINUED) However, they collectively and perhaps conspiratorially continued to withhold Plaintiffs medications. Even if they were to make the incredulous claim that they were unaware that Plaintiff had eaten once in those 54 days, based on the evidence that was available to them; memos, log book entries, intelligence reports, Plaintiffs own admissions, security personal reports not only had they bothered to look it would of been almost impossible to ignore, and surely it was their responsibility as health care workers to at least ascertain if someone in their care has eaten, in the last 10, 20, 30, 40, or 54 days!

While their failure to ascertain whether or not someone whom is in the H.S.U. in their care has eaten for over 50 days in and by itself is grossly incompetent it is significantly exacerbated when you equate that Plaintiff receiving his medication was conditional upon his "eating something".

Such gross incompetence and inadequate care by prison personal constituted a deliberate indifference to Plaintiffs serious medical needs in violation of Eighth Amendment right to be free from cruel and unusual punishment. (Plaintiffs Claim against defendants: Willis, Weber, Henderson, and Hayes)

It shall be further noted that all of the defendants were privy to Plaintiffs medical file which not only indicated that Drs Veliz and/or Pickett had been prescribing him Doxepin, for depression, since his arrival, on June 13, 1999 his medical file contained records that he had been prescribed Doxepin since July of 1995

(7)

(d) Accordingly both of Sue Clark's memos (S.C. memo 10/1/99, and S.C. memo 10/29/99) were addressed to and, as evidenced by his signature received by defendant Peter Perroncello, The Superintendent of Jail Operations, who along with Defendant Sheriff Michael Bellotti are responsible for medical staff under the terms of 103 CMR 900.00 through 999.00 which applies to correctional facilities that are county.

Under Section 900.10 Responsible Staff

(1) The Sheriff shall be responsible for implementing and monitoring 103 CMR 900.00 through 999.00 throughout each county correctional system.

(2) Each Sheriff or facility administrator shall be responsible for implementing and monitoring 103 CMR 900.00 through 999.00 at his facility

103 CMR 932.00 through 933.00 covers Health Policy and Authority. One such example of their negligence, may be found in:

Section 103 CMR 932.16 Distributing Medications

Persons Distributing Medications

3) Shall be accountable for the following:
  (A) Distributing the medications according to [Doctors] orders

---

1 Superintendent by definition is a facility administrator.

(8)

12) (CONTINUED) Defendants Perroncello and Bellotti were responsible for monitoring all medical personal. Plaintiffs medication and food intake issue was the subject of at least 3 memos by the Director of Health Services, 6 confidential intelligence reports by Security and medical personal, (that are in plaintiffs possession), untold number of log entries, and a Norfolk County Superior Court hearing, before Judge Elizabeth Butler.

If Defendants Perroncello and Bellotti werent aware of the "Mangano incident" that commenced on September 17, 1999 and continued until on or about November 12, 1999 that in and by itself would constitute incompetence. However based on all of the facts that plaintiff has out lined in his Amended Complaint it would of been almost impossible for either defendant not to have knowledge that the other defendants, who were their subordinates, were withholding plaintiffs medications.

In fact all of the evidence seems to indicate that they would of had to approve the other defendants decision to withhold plaintiffs medication, despite his "agreeing [and] to eat something" thereby effectively violating plaintiffs eighth amendment rights by demonstrating a deliberate indifference to plaintiffs serious medical needs which constitutes unnecessary and wanton infliction of pain. (Plaintiffs claim against defendants Michael Bellotti and Peter Perroncello)

(9)

# V. Relief Amendments

In addition to the relief that Plaintiff had stated in his original complaint, Plaintiff further puts Defendants on notice that he will be seeking the following additional relief:

1) That Sheriff Michael Bellotti is being sued in his individual capacity for the sum of $50,000.00/100 Dollars and in his official capacity for the sum of $50,000.00/100 Dollars

2) That Defendant Peter Perroncello is being sued in his individual capacity for the sum $2,500.00/00 and in his official capacity for the sum $50,000.00/00 Dollars.

3) That Defendants Dr's Jorge Veliz and Dr. Patricia Pickett are being sued in their professional, official and individual capacity for $150,000.00/00 Dollars

(10)

## V (Continued) Relief Amendments

4) That Defendants, Denise Burke, Susan Clark, Debra Henderson, Debbie Willis, Anne Walsh, Alice Weber & Patricia Hayes are being sued in their Professional, Official and Individual Capacities for the Amount of $100,000.00/00 Dollars.

As grounds therefore the Plaintiff relies on the attached memorandum in support of his motion to amend his original complaint.

Dated: 2-23-05      Signed: _Thomas F. Cooley_
                    Prepared by Thomas F. Cooley
                    #W84908 for Plaintiff Anthony
                    Mangano Pro-Se

Dated: February 24, 2005    Signed: _Anthony Mangano_
                            Respectfully Submitted by
                            Anthony Mangano, Plaintiff,
                            Pro-Se

Anthony Mangano #W83414
PO Box 9106 Concord MA 01742

(11)