# United States District Court
# District of Massachusetts

| | |
|---|---|
| Anthony Mangano, Plaintiff<br><br>v<br><br>Sheriff Michael Bellotti et al, Defendants | Civil Action<br><br>No. 04-11117 RWZ |

## Plaintiff Motion in Opposition of Defendants Motion to Dismiss

### I. Introduction

Defendants allege in their motion to dismiss and memorandum that Plaintiff has failed to state a claim for which relief can be granted, and therefore are entitled to have the complaint against them dismissed.

Plaintiff has filed motion to amend his complaint with the court which supercedes original complaint. "It is well settled that an amended complaint supercedes the original complaint" 903 F.Supp 212, 216 (D Mass 1995)

(1)

However based on what is before the court in the event that the court does not allow Plaintiff's motion to amend Plaintiff shall defend his original claim in this motion.

## II STATEMENT OF FACTS

The Defendants in their memorandum do not dispute, for the purpose of their motion, Plaintiff's allegations that on or about September 18 1999 through November 1999 Defendants, all of whom other than Sheriff Bellotti and Superintendent Perroncello, are doctors and nurses withheld his prescribed depression medication, Doxepin from him

Defendants were aware that Plaintiff had been prescribed the same medication at the same dose since July of 1995. Two of the Defendants doctors Pickett and Veliz had been prescribing him the medication continuously since August of 1997 up until-and during the time his rights were violated - November of 1999. With one dubious exception on September 20, 1999 Dr. Veliz ordered Plaintiff's medication conditional upon "his agreeing to eat something"

(2)

There after security and medical personal began monitoring plaintiffs food and liquid intake. Despite practically daily documented, in some cases eye witness reports that plaintiff was consuming both solid and liquid foods as early as October 2, 1999. Defendants continued to withhold his medication for a duration of 54 days.

These are not, as stated in defendants motion, bold assertions, unsubstantiated conclusions or outright vituperation. Fact number one; Dr. Veliz and/or Dr. Pickett had been prescribing plaintiff Doxepin 300mg H.S. since August of 1997 Evidence; Plaintiff has numerous orders written and signed by either doctor begining on August, 97 until September 1999.

Fact Number Two: Begining on October 2, 1999 up until November 1999 plaintiff was consuming both solid and liquid foods and had not received his medication, in defiance of Dr. Veliz's September 20, 1999 order, which plaintiff also has, Evidence: Plaintiff is in possession of Norfolk county Sheriff office memos authored by Defendant Sue Clark the Director of Health Services and addressed to Defendant Superintendent Perrencello who signed and dated it upon reciept which denotes all of the food that plaintiff consumed and on what dates; Also Intelligence reports, and medical records which clearly and unequivocally support his claims (see plaintiffs complaint)

A cause of action under 42 U.S.C. § 1983 has two elements:

1) The defendants acted under the color of the law; and
2) Their actions deprived a plaintiff of a constitutional right.

(3)

Plaintiff's case is the quintessential 1983 action and what makes it so unique is that unlike most prisoner 1983 actions where its usually a question of professional diagnoses or medical opinion as to whether or not the prisoner is actually suffering from a mental disorder that requires medication.

In the instant case two of the defendants had been prescribing the medication to him for 2 1/2 years prior to and even during the time of incident. While the other defendants were withholding the medications from him for reasons that perhaps only a trial will uncover.

<u>In Sum</u>: Plaintiff has stated his claim for which relief can be granted in his complaint. Plaintiff's claims are supported by a colossus of evidence most of which is on defendants own stationary and signed by their own hand. All of which they will be entitled to during the discovery stage of this proceeding.

In addition to the preceeding plaintiff also relies on his attached memorandum of law in support of his motion to oppose defendants motion to dismiss.

(4)

III   The last argument the defendants raise in in their memorandum to dismiss is a statue of limitations argument.

In Sum They State:

In Massachusetts personal injury actions are governed by M.G.L. c 260 § 2A which provides in relevant part:

Except as otherwise provided, actions in tort.... To recover for personal injuries.... Shall be commenced within three (3) years next after the cause of action accrues. M.G.L. c 260 § 2A.

Defendants allege that since the pro-se plaintiff has waited almost 5 years (May 2004) to file his claim for alleged civil rights violations, his claims are time barred. See Street v Vose 936 F2d 38 (1st Cir 1991)

However in Street v Vose at 40 it reads: "The accrual period for a section 1983 action begins when the plaintiff knows or has reason to know of the injury which is the basis of the action"

In the instant case plaintiff was not diagnosed with Celiac Disease until February of 2002 and the nervous tics did not manifest until December of 2001.

(5)

which would of allowed plaintiff to file his case until at least December of 2004. Plaintiff filed his action on May 24, 2004 well with in the statue of limitations.

Both federal and Massachusetts law agree that a 1983 claim accrues when a plaintiff knows or has reason to know of his injury. SEE <u>Poy vs Boutselis 352 F3d 479, 483 (1st Cir 2003)</u>

For all of the reason stated in plaintiffs memorandum of law AND for all of the reasons stated above defendants motion to dismiss based on the argument of applicable statue of limitations must be denied.

For all of the reasons stated above and for all of the reasons stated in plaintiffs memorandum of law as well as plaintiffs stated claims for which relief can be granted defendants motion to dismiss on grounds that plaintiff failed to state a claim for which relief can be granted must be denied.

Thank you.

Prepared by: /s/ Thomas E Cooley   Date: 2-23-05
Thomas E. Cooley
W84908

Date: February 24, 2005

Respectfully submitted
by Plaintiff Pro-se

Sign: /s/ Anthony Mangano
Anthony Mangano  W83474
Po Box 9106
Concord, MA 01742

(6)