# United States District Court
## District of Massachusetts

Anthony Mangano,
 Plaintiff

v

Sheriff Michael Bellotti et al,
 Defendants

Civil Action

No. 04-11117 R.WZ

## Plaintiffs Memorandum of law in Support of Motion in Opposition of Defendants Motion to Dismiss

### I Plaintiffs Action

This Civil Action which Plaintiff filed against all named defendants who violated his civil rights pursuant to 42 U.S.C. §1983.

All of the defendants had withheld Plaintiffs prescribed Depression medication from him, which had been prescribed to him by over eight doctors in just a (4) four year period including two of the defendants whom where doctors, which constituted a deliberate indifference by Prison Medical Personal to an inmates mental health care needs which violated Plaintiffs Eighth Amendment rights.

(1)

## II FACTS

Plaintiff had been incarcerated since July 1995 initially he was bounced around from county jail to county jail in Western Pennsylvania until April of 1996 when he was taken into the custody of the Federal Bureau of Prisons where again he is bounced around within the B.O.P. throughout his odysseys first in the counties then in the feds. Plaintiff had managed to receive his depression medication, Doxepin without interruption.

On June 13, 1997 pursuant to the Interstate Agreement on Detainers Act Plaintiff voluntarily was extradited to Norfolk County to resolve pending criminal matters. The B.O.P. had sent along with the state troopers that were escorting Plaintiff to Massachusetts a brief medical history denoting that Plaintiff suffered from depression and a weeks supply of medication, Doxepin.

Sometime around August of 1997 Plaintiff signed releases in order for medical personal to obtain his medical records from the B.O.P. and those county jails. Plaintiff had been receiving his medication from Dr Pickett and Dr. Ueliz from June 13, 1997 until September 20, 1999.

On September 20, 1999 Dr. Ueliz issued an order that stated: "Inmate Mangano may only have his psych meds if he agrees to eat something." In sum: Plaintiff eats, Defendants document his food intake but they

(2)

Withhold plaintiffs medication. (See plaintiffs motion and or complaint) for the duration of 54 days.

Plaintiffs case is a simple one. He makes and states a simple claim: That defendants all of whom are state employees, nine of which are prison health personal, withheld his depression medication from him from September 20, 1999 through November 1999 and that by doing so, under the aegis of the other two defendants, they all demonstrated a deliberate indifference to his serious medical needs which constituted unnecessary and wanton infliction of pain in violation of his Eighth Amendment rights.

A cause of action under 42 U.S.C. § 1983 has two elements:

1) The defendants acted under the color of the law; and
2) Their actions deprived a plaintiff of a constitutional right

See Parrot vs Taylor 101 S.CT 1908, 1909 (1981)

Here the plaintiffs claim meets both elements

III <u>Standard of Review</u>

The defendants memorandum of law in support of their motion states the following in sum: "The courts inquiry is a limit one focusing on whether

(3)

Plaintiff has stated a claim and should be entitled to offer evidence to support the claim:

"The Plaintiff must back up his allegations with enough facts to support and detailing what actions are complained of"

"A defendant is entitled to judgement if a Plaintiff can prove no set of facts that would entitle him to relief"

In the instant case the Plaintiff has stated his claim and he has backed up his allegations with ample facts to support them and he has detailed precisely what actions are complained of, which is more than what is required according to the Supreme Court:

"The Federal Rules of Procedure do not require a claimant to set out in detail the facts upon which he bases his claim - To the contrary all the rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests.
See LEATHERMAN vs TARRANT County Narcotics Intelligence and Coordination Unit 113 S.CT 1160, 1163

Accordingly a Plaintiff is not required to plead facts or evidence to support his claims; nor is he required to set forth his Theory of the case. See Homeyer vs Stanly Tulchin Assoc 91 F3d 959, 961 (7th Cir 1996)

(4)

Although plaintiff must concede that his complaint is not artfully drafted, since he has had to rely on other inmates to assist him. However the Supreme Court has addressed such matters before:

The Court is obligated to give Pro-Se allegations, however inartfully pleaded, liberal construction <u>SEE HAINES v KERNER 92 S.CT 594</u>

A Complaint drafted by a Pro-Se litigant "however inartfully pleaded" is held to "less stringent standards than formal pleadings drafted by lawyers" <u>SEE HUGES vs ROWE 101 S.CT 173, 175</u>

The handwritten Pro-Se document is to be liberally construed <u>SEE ESTELLE v GAMBLE 97 S.CT 285, 292 (1976)</u>

III   The final argument the defendants raise in their memorandum of law to dismiss plaintiffs complaint is a Statue of limitations argument.

<u>In Sum they State:</u>

In Massachusetts Personal injury actions are governed by M.G.L. c 260 § 2A which provides in relevant part:

Except as otherwise provided. actions in tort,... To recover for personal injuries.... Shall be commenced within three (3) years next after the cause of action accrues. M.G.L. c 260 § 2A

(5)

Defendants allege that since Plaintiff Pro-Se has waited almost 5 years (May 2004) to file his claim for alleged civil rights violations, his claims are time barred. Defendants cite <u>Street v Vose 936 F.2d 38 (1st Cir 1991)</u>

However in <u>Street v Vose at 40</u> it reads "The accrual period for a Section 1983 action begins when the Plaintiff knows or has reason to know of the injury which is the basis of the action"

In the instant case Plaintiff was not diagnosed with the disease, that he and his physician claim was brought on\on set by severe emotional distress, until February of 2002 and the nervous tics did not manifest until December of 2001.

Both of which would of allowed Plaintiff to file his complaint at least until December of 2004. Plaintiff filed his action on May 24, 2004 well within the statue of limits, according to another 1st Circuit case:

"Both Federal and Massachusetts law agree that a 1983 claim accrues when a Plaintiff knows or has reason to know of his injury <u>See Poy v Boutselis 352 F.3d 479, 483 (1st Cir 2003)</u>

"Until the Plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury.... The statue of limitations does not commence to run. <u>See Armstrong v Lamy 938 F.Supp 1018, 1033 (D Mass 1996)</u>

(6)

Ultimately defendants motion and memorandum doesn't add up it lacks substance and the solid case law needed to succeed to have a complaint dismissed at this nascent stage.

For all of the aforementioned reasons and for all of the facts that have been outlined in plaintiffs motion and for all of the cases that have been cited in plaintiffs favor and in support of his motion to oppose defendants motion to dismiss, plaintiff respectfully requests that this Honorable Court deny defendants motion to dismiss complaint.

Prepared by *Thomas F. Cooley* — DATE 2-23-05
Thomas F. Cooley #WB4908
DATE: February 24, 2005

Respectfully Submitted by Plaintiff, Pro-Se

Sign: *Anthony Mangano*
Anthony Mangano #W83414 Plaintiff, Pro-Se
P.O. Box 9106 Concord, MA 01742

Certificat of Service

I Anthony Mangano, Pro-Se, Plaintiff hereby certify that on this date a copy of Plaintiffs motion in opposition of defendants motion to dismiss with accompying memorandum of law were forwarded via first class U.S. mail to counsel for the defendants at the following address: Douglas I. Louison Esq. 67 Batterymarch St Boston, MA 02110

DATE: March 8, 2005

Sign: *Anthony Mangano*
Anthony Mangano
Plaintiff Pro-Se

(7)